**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**FILED**

APR - 4 2008

NANCY MAYER WHITTINGTON, CLER.
U.S. DISTRICT COURT

**UNITED STATES OF AMERICA**        :    **Criminal Number:** 08-64

    **v.**                                :

                   :

                   :    **VIOLATION: 29 U.S.C. §501(c)**

**ZONA ALBRITTON,**                 :    **(Embezzlement of Union Funds)**

                   :

        **Defendant.**               :

*let this be filed*
*Roye C. Lamberth*
*U.S.D.J. 4/4/08*

**STATEMENT OF THE OFFENSE**

Pursuant to Fed. R. Crim. P. 11, the defendant, Zona Albritton, under penalty of perjury, agrees and stipulates, to the following facts in connection with her plea of guilty as follows:

Background

Between September 2003, and April 2004, defendant Zona Albritton (hereinafter "defendant"), was employed as the Manager of General Services for the American Federation of State, County and Municipal Employees (AFSCME). AFSCME is the nation's largest public service employees union representing more than 1.4 million workers in various fields of employment and is subject to the Labor-Management Reporting and Disclosure Act of 1959. As the Manager of General Services, defendant was responsible for the overall maintenance and operations of two buildings occupied by the union. These buildings were located in Washington, D.C., at 1101 Seventeenth Street, NW, and 1625 L Street, N.W. Defendant's duties included soliciting bid proposals from vendors, negotiating with vendors and selecting the winning bids for any work that needed to be done to maintain the buildings.

To fulfill her duties as the Manager of General Services, defendant routinely submitted two forms to the AFSCME accounts payable department so that vendors would be paid for their services. These forms included the Accounts Payable Transmittal (APT), and the Request for Remittance (RFR) forms. Following the submission of these forms, the accounts payable department would generate checks payable to the appropriate vendor as payment for work on a particular project.

The Embezzlement

Between December 2003 and April 2004, defendant submitted several false bid proposals and invoices to the AFSCME accounts payable department in the name of RCS Construction & Paint, Inc., (RCS). These false documents included false APTs and RFRs that were associated with five different painting, flooring and installation projects conducted on behalf of AFSCME. The work that should have been performed by RCS either, was not completed at all or completed by entities with no relationship to RCS pursuant to separate bid proposals to perform the same work that had been approved by defendant. This activity was unknown and unauthorized by her employer. The false proposals and invoices submitted by defendant on behalf of RCS convinced AFSCME management that RCS had performed the work for the union. As a result, AFSCME generated a total of seven checks payable to RCS totaling $110,543,12.

In March 2004, AFSCME mailed a check payable to RCS in the amount of $12,597.12. This check ostensibly represented payment for carpet installed at AFSCME offices. Due to an insufficient address, the United States Postal Service returned the checked to AFSCME. In an effort to confirm the mailing address, the AFSCME accounting department attempted to reach the vendor via the telephone number provided on the invoice submitted for payment. AFSCME personnel received a voicemail message indicating that the number was associated with a

business entity called "A Shoe Size Above."   Further inquiry confirmed that A Shoe Size Above was a company owned by defendant.  In a subsequent interview, AFSCME personnel confronted defendant with the information they had learned.  Based upon a  review of documentation related to defendant's procurement practices and defendant's failure to adequately explain the apparent conflict of interest, AFSCME managers decided to terminate defendant's employment immediately.  On April 16, 2004, AFSCME fired defendant.  Following defendant's termination, investigators located false bid proposals and invoices in the name of RCS that were associated with each of the five projects that defendant had created on the computer defendant used while employed at AFSCME.   The returned check payable to RCS for $12,597.12 was never negotiated.

An investigation conducted by the Office of Labor-Management Standards determined that from December 2003, to April 2004, defendant deposited six of the aforementioned checks totaling $97,946.00 into a checking account at Chevy Chase banks in the name of RCS Incorporated, number XXXXXX0773 (hereinafter, "Chevy Chase checking account").  Bank records revealed that defendant opened this account in December 2003 and that the sole authorized signatory for the Chevy Chase checking account was "Zona T. Albritton."  The bank records also revealed that defendant attempted to conceal the embezzlement by using some of the money in the Chevy Chase checking account to purchase three cashier's checks totaling $22,000.00 that were payable to various entities who had performed work on behalf of

AFSCME. In addition, defendant purchased a $500.00 cashier's check payable to AFSCME. Defendant used the remaining $75,446.00 that she had embezzled from AFSCME for her personal benefit and enjoyment.

Date: 3/17/08

_____
Zona Albritton
Defendant

I have read each of the four pages constituting this statement of offense and reviewed and discussed them with my client.

Date: 3/17/08

_____
Rudolph Acree, Esquire
Attorney for the Defendant

4