## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **Criminal Number:  08-0064 (RCL)** |
| | : | |
| **v.** | : | |
| | : | |
| **ZONA ALBRITTON,** | : | **VIOLATIONS:  29 U.S.C. §501(c)** |
| | : | **(Embezzlement of Union Funds)** |
| | : | |
| | : | |
| **Defendant.** | : | |
| _____ | : | |

### GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING

The United States of America, by and through its counsel, the United States Attorney for the District of Columbia, hereby submits in the above-referenced matter this memorandum in aid of sentencing of defendant Zona Albritton.  As will be discussed below in more detail, the government: (1)  moves the Court to impose a two-level increase in defendant's offense level because defendant abused a position of trust in a manner that significantly facilitated the commission or concealment of the offense; (2) moves for a three-level decrease in defendant's offense level because defendant appropriately accepted responsibility; (3) requests that defendant be sentenced to a term of imprisonment at the lower end of the sentencing Guideline range as determined in the Presentence Investigation Report ("PSR"); and, (4) requests that the Court order defendant to pay restitution of $75,446.00 as stated in the PSR and agreed to by defendant in the written plea agreement dated March 4, 2008.

# I. <u>FACTUAL BACKGROUND</u>

On April 4, 2008, defendant Zona Albritton pled guilty before this Court to a one-count

Information charging her with Embezzlement of Union Funds, in violation of 29 U.S.C. §501(c).

As agreed to by defendant and set forth in the Statement of Offense and the PSR, at pages

3-5, between December 2003 and April 2004, Zona Albritton submitted several false bid

proposals and invoices in the name of RCS Construction & Paint, Inc., (RCS) to the accounts

payable department while she was employed as the Manager of General Services for the

American Federation of State, County and Municipal Employees (AFSCME).  AFSCME is the

nation's largest public service employees union representing more than 1.4 million workers in

various fields of employment and is subject to the Labor-Management Reporting and Disclosure

Act of 1959.  Because of her position at AFSCME, Albritton knew that the submission of the bid

proposals and invoices in the name of RCS to the accounts payable department would generate

checks payable to the appropriate vendor representing payment for work on a particular project.

The false proposals and invoices submitted by Zona Albritton on behalf of RCS convinced

AFSCME management that RCS had performed the work for the union.  The work that should

have been performed by RCS either, was not completed or completed by entities with no

relationship to RCS pursuant to separate bid proposals to perform the same work that had been

approved by Zona Albritton.  As a result, AFSCME generated a total of seven checks payable to

RCS totaling $110,543,12.

Zona Albritton deposited six of the aforementioned checks totaling $97,946.00 into a

checking account at Chevy Chase Bank in the name of RCS Incorporated.  The sole authorized

signatory for the checking account at Chevy Chase Bank was "Zona T. Albritton."  The remaining check, payable to RCS for $12,597.12, was returned by mail to AFSCME due to an insufficient address and was never negotiated.  To conceal the embezzlement, Zona Albritton used some of the money in the Chevy Chase checking account to purchase three cashier's checks totaling $22,000.00 that were payable to various entities who had in fact performed work on behalf of AFSCME.  In addition, defendant purchased a $500.00 cashier's check payable to AFSCME.  Defendant used the remaining $75,446.00 that she had embezzled from AFSCME for her personal benefit and enjoyment.

## II.  UNITED STATES SENTENCING GUIDELINES

A.    Statutory Maximum Sentence

The maximum sentence that may be imposed on defendant is a fine of not more than $10,000.00 or imprisonment for not more than five years, or both, a $100 special assessment, a three-year term of supervised release, an order of restitution and an obligation to pay any applicable interest or penalties on fines or restitution not timely made.

B.    Sentencing Guidelines Calculation

The government recognizes that the guidelines are entirely advisory, and that a district court has discretion to vary from an advisory range, subject only to deferential appellate review for reasonableness.  However, the government understands that a district court must consider the guideline range, see § 3553(a)(4), and is usually well advised to follow the Sentencing Commission's advice, in order to assure fair, proportionate, and uniform sentencing of criminal offenders.  Here, the United States Sentencing Guidelines, § 3E1.1, provides for a two-level decrease in a defendant's offense level for acceptance of responsibility, and, upon motion of the

government, for a defendant whose level is 16 or greater and who has in a timely manner advised the government of the defendant's intent to plead guilty, an additional one-level decrease. Defendant meets the criteria for a three-level decrease and the government hereby moves that the Court grant her a three-level decrease in her offense level for acceptance of responsibility.

The probation officer believes, and the United States concurs, that defendant's total offense level, incorporating the three-level decrease for acceptance of responsibility, is 13, her criminal history is I, and her guideline range for imprisonment is 12 to 18 months. PSR, at page 7, ¶¶ 14-23, and page 12, ¶ 53. According to the PSR, defendant falls within Zone D of the Sentencing Table, which specifies that defendant is not eligible for probation. Id., at page 13, ¶ 61.

## III. <u>RECOMMENDATIONS</u>

Defendant, Zona Albritton plead guilty to one count of Embezzlement of Union Funds for her role in a scheme to defraud AFSCME and obtain money under its control. The evidence demonstrates that defendant abused her position of trust to selfishly enrich herself by embezzling in excess of $75,000.00 from AFSCME. This conduct, with its resulting harm to the AFSCME was serious conduct that needs to be adequately punished.

In this case, the government is requesting that the Court impose a two-level increase for abuse of position of trust, grant defendant a three-level decrease for acceptance of responsibility and order that defendant pay restitution. As discussed above, the resulting offense level is 13. With a criminal history category of I, defendant falls within the Guideline sentencing range of 12-18 months. The government further requests that the Court impose a sentence of imprisonment at the lower end of this sentencing range. In the plea agreement, at page 3, ¶ 4,

defendant agreed to pay restitution to the victim of her crime.  Consistent with the agreement and the determination of the probation officer, the United States requests that the Court order defendant to pay restitution totaling $75,446.00 which is payable to AFSCME in the amount of $6,581.25 and to Travelers Insurance in the amount of $68,864.75.  PSR, at page14, ¶68.

## IV.  CONCLUSION

WHEREFORE, the government respectfully requests that the Court impose a two-level increase for abuse of position of trust, grant defendant a three-level decrease for acceptance of responsibility, impose a sentence of imprisonment at the lower end of the applicable Guideline sentencing range and order defendant to pay restitution in the amount determined in the Presentence Investigation Report.

Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney


_____/s/_____
RONALD W. SHARPE
Assistant United States Attorney
Fraud and Public Corruption Section
D.C. Bar No. 434575
555 4th Street, N.W., Room 5828
Washington, D.C.  20530
(202) 353-9460
ronald.sharpe@usdoj.gov